UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

THE CHILDREN'S INTERNET, INC., *et al.*,

    Defendants.
_____/

No. C-06-6003 CW (EMC)

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND CONDITIONALLY GRANTING PLAINTIFF'S MOTION TO PRECLUDE TRIAL TESTIMONY**

**(Docket No. 78)**

Currently pending before the Court is the SEC's motion to preclude the trial testimony of Defendant Cort L. Poyner or, in the alternative, to compel his deposition. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** the motion to compel and conditionally **GRANTS** the SEC's motion to preclude. The deposition of Mr. Poyner shall take place no later than February 22, 2008.

## I.   FACTUAL & PROCEDURAL BACKGROUND

On September 12, 2007, the SEC served a notice of deposition on Mr. Poyner. *See* Yun Decl., Ex. 1. The deposition was noticed for September 26, 2007. *See id.* Before the deposition could take place, counsel for Mr. Poyner advised the SEC that Mr. Poyner would not be appearing for his deposition, *see id.* ¶ 9, but never moved for a protective order barring the deposition from moving forward. The SEC proceeded with Mr. Poyner's deposition on September 26, 2007, but Mr. Poyner did not appear. *See id.*, Ex. 3.

Subsequently, on October 3, 2007, counsel for Mr. Poyner provided to the SEC a letter from Mr. Poyner's doctor, dated September 28, 2007 -- presumably to justify Mr. Poyner's failure to appear. *See id.*, Ex. 6. Thereafter, the parties met and conferred at which point the SEC offered to make special accommodations for Mr. Poyner during the deposition in light of his medical condition. *See id.* ¶ 11. The SEC also stated that it "would accept a stipulation that [Mr.] Poyner is asserting his Fifth Amendment rights, rather than having him assert those rights in a deposition." *Id.* Subsequent meet and confers were not fruitful and so, on December 11, 2007, the SEC filed the currently pending motion to preclude or, in the alternative, to compel.

Two days later, the parties appeared before Judge Wilken, the presiding judge, for a case management conference. At the conference, Judge Wilken discussed the discovery dispute with the parties and indicated her desire to move the case forward in light of the upcoming trial. As reflected in the minute order for the case management conference, Judge Wilken directed Mr. Poyner to consult with a criminal attorney and to notify the SEC within a week if he would be invoking the Fifth Amendment at the deposition. *See* Docket No. 86; *see also* Tr. at 11 ("First, we need the decision whether he is going to take the Fifth because then we can avoid the whole problem."). If not, then the parties would go forward with the motion before the undersigned and provide competing declarations from doctors that the undersigned could weigh in determining whether the deposition would go forward. *See* Docket No. 86.

Mr. Poyner did not -- as Judge Wilken ordered -- inform the SEC whether he would be asserting the Fifth Amendment at his deposition. According to counsel for Mr. Poyner, local counsel in Florida had advised that Mr. Poyner, because of his medical condition, could not make that determination. *See* Pl.'s Ex. C. Mr. Poyner never sought relief from Judge Wilken's order. The parties proceeded with the SEC's motion before the undersigned to compel the deposition or preclude testimony.

In support of his opposition to the motion, Mr. Poyner submitted a declaration from his doctor, in which the doctor opined that, based on his examinations of Mr. Poyner on March 1 and September 15, 2007, Mr. Poyner could not participate in a deposition without endangering his health and well-being. *See* Rubinstein Decl. ¶ 3. The doctor did not express any opinion on whether a

**United States District Court**
For the Northern District of California

1  deposition with special accommodations would be possible. The conclusion was apparently based
2  on previous letter evaluations the doctor provided. Those letters, however, address Mr. Poyner's
3  inability to travel, not his ability to provide deposition testimony. *See id.*, Ex. A (noting that, in
4  March 2007, Mr. Poyner was able to work part-time as an investment banker and individual investor
5  and engage in some exercise); *id.*, Ex. B (noting that, in September 2007, Mr. Poyner was no longer
6  able to exercise but could do prescribed cardiac aerobic activities).

7  The SEC then filed its reply brief, in which it argued that the doctor's declaration was
8  insufficient to bar the deposition from going forward. The SEC did not, as Judge Wilken
9  contemplated, provide any competing medical declaration opining that Mr. Poyner could be deposed
10 based on the information provided by Mr. Poyner's doctor. Nor did the SEC request an independent
11 medical examination of Mr. Poyner.

12 The hearing on the SEC's motion was held on January 30, 2008. In the attempt to resolve
13 the parties' dispute, the Court asked whether Mr. Poyner would stipulate either that (1) he would not
14 testify at trial because of his medical condition or (2) he would assert the Fifth Amendment, in
15 which case the SEC would agree not to take his deposition, but would be able to introduce into
16 evidence at trial his prior statements given to SEC investigators. If Mr. Poyner would not so
17 stipulate, the Court indicated it would resolve the merits of whether or not he could be deposed. Out
18 of an abundance of caution, the Court gave Mr. Poyner an additional week to provide any further
19 medical information in support of his position that his medical condition should bar a deposition
20 from moving forward.

21 Mr. Poyner's counsel informed the SEC on February 1, 2008, that Mr. Poyner would not
22 agree to the stipulation. Mr. Poyner's counsel also informed the SEC that, prior to the hearing on
23 the SEC's motion, Mr. Poyner had been hospitalized for medical reasons. Apparently, this
24 information was not presented to the Court or the SEC prior to or at the hearing because local
25 counsel did not learn of the hospitalization until after the hearing was completed. Subsequently, as
26 additional evidence in support of his position, Mr. Poyner submitted a declaration from his
27 companion, Marcie McNeely, in which she stated that Mr. Poyner had been hospitalized and placed
28 in the Intensive Care Unit from January 28 to February 3, 2008. *See* McNeely Decl. ¶ 2. In her

1 declaration, Ms. McNeely also described the symptoms that Mr. Poyner experienced which led to
2 his hospitalization. *See id.* ¶ 3. Attached to Ms. McNeely's declaration are the hospital's discharge
3 instructions to Mr. Poyner.

Thereafter, the Court, in a conference call with the parties, confirmed with Mr. Poyner's counsel that there was no additional medical information for the Court to review. Counsel also represented that Mr. Poyner was not in a condition to say whether he intended to testify at trial.

## II. DISCUSSION

Although Mr. Poyner has never moved for a protective order, the basic question for the Court is whether a protective order barring his deposition from going forward is appropriate in light of his medical condition. Under Federal Rule of Civil Procedure 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A).

The Court is not unsympathetic to Mr. Poyner's situation. There is no doubt that Mr. Poyner has a serious medical condition. However, the question for the Court is whether Mr. Poyner's medical situation is so grave that he cannot participate in any kind of deposition, in particular, one in which special accommodations could be made. The SEC has indicated that at most it would take a four-hour deposition and that the deposition could take place over the course of several days. The only evidence before the Court that Mr. Poyner has offered in support of his position is the declaration and attached exhibits from his doctor, Stephen Rubenstein, and the declaration and attached exhibit from Ms. McNeely.[1]

The declaration from Dr. Rubenstein is conclusory and fails to address whether a deposition with special accommodations would be possible. This is especially problematic since, in the exhibits attached to the declaration, Dr. Rubenstein makes comments which indicate that Mr. Poyner's health did not prevent him from, *e.g.*, working part-time as an investment banker and individual investor and engaging in some exercise or at least prescribed cardiac aerobic activities. Moreover, the last examination by Dr. Rubenstein took place on September 15, 2007, which was

---

[1] Mr. Poyner has been given multiple opportunities, both by Judge Wilken and the undersigned to provide medical evidence supporting his position.

4

1 some three months before the SEC filed its motion and which is now outdated by approximately five
2 months.

3 As for the declaration of Ms. McNeely, it has some but limited probative value since she is
4 not a doctor. The Court acknowledges her statement that Mr. Poyner has extreme difficulty eating,
5 speaking, and breathing because of an abscess on his face, but that does not rule out, *e.g.*, limited
6 questioning. The Court also acknowledges Ms. McNeely's statement that her "understanding from
7 speaking with the doctors and the hospital medical staff was that upon admission [Mr. Poyner] had
8 potassium levels of 8.8 which posed a grave risk to his life." McNeely Decl. ¶ 4. However, hearsay
9 problems aside, this does not inform the Court of Mr. Poyner's current potassium levels after being
10 treated.

11 In light of the above, the Court cannot say that Mr. Poyner has satisfied his burden of
12 proving that there is good cause to bar *any* kind of deposition from proceeding. The Court further
13 notes that all of this sparring about the deposition could be obviated if Mr. Poyner would simply
14 commit to a position as to whether he will testify at trial or assert the Fifth Amendment.[2] Mr.
15 Poyner's counsel has represented that Mr. Poyner is not in a condition to make either decision, but
16 there is no medical evidence to support this representation. Moreover, while the Court can
17 appreciate why Mr. Poyner legitimately might not be able to make the significant decision of
18 whether to assert the Fifth Amendment, it has difficulty in understanding why his condition prevents
19 him from assessing whether or not he is physically able to appear for and testify at trial. Indeed, if
20 Mr. Poyner's medical condition is so grave that he cannot be deposed, then it should be a simple
21 answer that he cannot appear for and testify at trial because of his medical condition. Notably, Dr.
22 Rubenstein stated in his March 2007 assessment that Mr. Poyner could not be subjected to aircraft
23 travel for any significant period of time. *See* Rubenstein Decl., Ex. B. If so, then again Mr. Poyner
24 should be able at this point to say that he is unable to testify at trial based on his medical condition.

25 While the Court must be solicitous of Mr. Poyner's health -- it has given him every chance to
26 submit qualified, probative and specific medical evidence as to his inability to give a deposition --

---

[2] Both Judge Wilken and the undersigned have given Mr. Poyner an opportunity to make his deposition moot by making such a commitment.

5

the Court cannot tolerate apparent gamesmanship. There is no reason why Mr. Poyner cannot fish or cut bait.

Accordingly, the Court hereby orders that the deposition of Mr. Poyner shall proceed. The deposition shall take place in Mr. Poyner's city of residence and the SEC is directed to make all reasonable accommodations in light of Mr. Poyner's medical condition. The parties shall meet and confer to determine what accommodations are appropriate. The deposition shall take place for no longer than 4 hours and may take place over two days if Mr. Poyner so desires.

If Mr. Poyner does not participate in a deposition by February 22, 2008, then the SEC should inform the Court of such fact and the Court shall recommend to the presiding judge that the SEC's motion for preclusion be granted -- that Mr. Poyner be barred from testifying at trial and the SEC be allowed to introduce into evidence his prior statement to the SEC.

### III. CONCLUSION

For the foregoing reasons, the SEC's motion to compel is granted and its motion to preclude is conditionally granted should Mr. Poyner not provide deposition testimony.

This order disposes of Docket No. 78.

IT IS SO ORDERED.

Dated: February 7, 2008

_____
EDWARD M. CHEN
United States Magistrate Judge

6