MARC J. FAGEL (Cal. Bar No. 154425)
JOHN S. YUN (yunj@sec.gov) (Cal. Bar No. 112260)
SHEILA E. O'CALLAGHAN (ocallaghans@sec.gov) (Cal. Bar No. 131032)
ELENA RO (roe@sec.gov) (Cal. Bar No. 197308)

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S INTERNET, NASSER V. HAMEDANI, SHOLEH A. HAMEDANI, PETER A. PEREZ, CORT L. POYNER and TWO DOG NET, INC.,<br><br>Defendants. | Case No. C-06-6003-CW<br><br>CONSENT OF DEFENDANT NASSER V. HAMEDANI TO ENTRY OF FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AND FOR A BIFURCATION OF PROCEEDINGS |

1. Defendant Nasser V. Hamedani acknowledges service upon him of the Summons and the Complaint in this action, entered a general appearance, and admits the jurisdiction of this Court over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things permanently restrains and enjoins Defendant from violation of Sections 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b) and 78o(a)] and Rule 10b-5 [17 C.F.R. §§ 240.10b-5] thereunder, and from violation of Sections 5(a),

1 | 5(c) and 17(a) of the Securities Act of 1933 ("Securities Act") [15. U.S.C. §§ 77e(a), 77e(c) and 77q(a)].

3. Defendant agrees that the Court shall determine whether to order disgorgement of ill-gotten gains, with prejudgment interest, a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], a permanent prohibition from serving as an officer or director of any issuer of a security registered pursuant to Section 12 or 15(d) of the Exchange Act [15 U.S.C. § 78u(d)(2), 15 U.S.C. § 78l, 15 U.S.C. § 78o(d)], and a permanent prohibition from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock [17 C.F.R. 240.3a51-1]. Defendant further agrees that the amounts of the disgorgement and civil penalty and the imposition of an officer and director and penny stock prohibition shall be determined by the Court upon motion of the Commission. Defendant further agrees that in connection with the Commission's motion for disgorgement, civil penalties, an officer and director prohibition and a penny stock prohibition, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

4. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

9. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

11. Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance

with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

12. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

13. In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by any party for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

14. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

15. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 3/17/, 2008          _____
                            Nasser V. Hamedani

State of California

County of __Alameda__

On __3-17__, 2008 before me, __Ellen Solorzano__, personally appeared __Nasser V. Hamedani__ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature __Ellen Solorzano__ (Seal)

Approved as to form:

_____
Kevin R. Martin
Randick O'Dea & Tooliatos LLP
5000 Hopyard Road, Suite 400
Pleasanton, California 94588
Telephone: (925) 460-3700

Attorneys for Defendant
NASSER V. HAMEDANI

ELLEN SOLORZANO
COMM. # 1748331
NOTARY PUBLIC - CALIFORNIA
ALAMEDA COUNTY
My Comm. Exp. June 27, 2011