IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>   v.<br><br>THE CHILDREN'S INTERNET, INC., et al.<br><br>       Defendants. | No. C 06-6003 CW<br><br>ORDER GRANTING MOTION TO WITHDRAW (Docket No. 286) |

Kevin R. Martin and the law office of Randick O'Dea & Tooliatos, LLP have moved to withdraw as counsel for Defendants The Children's Internet, Inc. (TCI), Two Dog Net, Inc. (TDN), Nasser Hamedani, and Sholeh Hamedani.[1] All parties have been served with this motion. SEC opposes withdrawal. The matter was heard on July 16, 2009. The Court ordered Defendants to respond to counsel's motion to withdraw by August 3, 2009 (Doc. No. 302), but Defendants have not responded.[2] Having considered oral argument and the materials submitted by Mr. Martin and the SEC, the Court grants the motion.

---

[1] Defendant Cort L. Poyner is represented by different counsel.

[2] Defendants were served with this order (Doc. No. 304).

BACKGROUND

The complaint charges Defendants with violating multiple provisions of the federal securities laws in connection with the unlawful sale of TCI securities. The SEC reached an agreement with TCI, TDN, and the Hamedanis that obviated the need for a trial on the merits.[3] Pursuant to the agreement, these Defendants agreed not to contest liability and consented to the Court conducting a hearing to determine the appropriate remedies for their violations. Thereafter, final judgment was entered against all Defendants.

The basis for this motion is that, under the terms of the representation agreement with Defendants, Mr. Martin would end his representation following trial and entry of judgment. Counsel also claims undue hardship would result if he were required to continue his representation because amounts remain owed by Defendants under their representation agreement. Counsel notes that he has withdrawn from representation of TCI in another matter.

On June 18, 2008, the Court denied Mr. Martin's first motion to withdraw as counsel.

DISCUSSION

In a civil case, counsel may not withdraw from an action until relieved by court order. See Civ. L.R. 11-5(a). Rule 3-700(C) of the California Rules of Professional Conduct provides:

> [A] member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because:

---

[3] The SEC was not able to reach a negotiated settlement with Poyner, and the claims against him went to trial. A jury found Poyner liable on all of the claims asserted against him.

2

        (1) The client

             (a) insists upon presenting a claim or defense that is not warranted under existing law and cannot be supported by good faith argument for an extension, modification, or reversal of existing law, or

             (b) seeks to pursue an illegal course of conduct, or

             (c) insists that the member pursue a course of conduct that is illegal or that is prohibited under these rules or the State Bar Act, or

             (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or

             (e) insists, in a matter not pending before a tribunal, that the member engage in conduct that is contrary to the judgment and advice of the member but not prohibited under these rules or the State Bar Act, or

             (f) breaches an agreement or obligation to the member as to expenses or fees.

        (2) The continued employment is likely to result in a violation of these rules or of the State Bar Act; or

        (3) The inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal; or

        (4) The member's mental or physical condition renders it difficult for the member to carry out the employment effectively; or

        (5) The client knowingly and freely assents to termination of the employment; or

        (6) The member believes in good faith, in a proceeding pending before a tribunal, that the tribunal will find the existence of other good cause for withdrawal.

Cal. R. Prof. Conduct 3-700(C).

    Withdrawal is proper here where Defendants assent to the withdrawal. Rule 3-700(C)(5). As provided in the Court's order

3

instructing Defendants to respond to counsel's motion to withdraw, the Court interprets Defendants' failure to respond by August 3, 2009 as consent to the withdrawal.

Withdrawal is also proper for breach of the representation agreement or obligation to counsel as to expenses or fees. Rule 3-700(C)(1)(f). In addition, under the representation agreement, counsel agreed to represent Defendants through trial and entry of judgment, and judgment has entered.

SEC's argument that Mr. Martin may not withdraw as counsel unless he agrees to accept service of papers in this case for the Hamedanis and TDN is incorrect. Local Rule 11-5(b) does not mandate this condition, but provides that counsel "may be subject" to this condition when withdrawal is not accompanied by the simultaneous appearance of substitute counsel or agreement of the party to appear pro se. The Court does not impose this condition on Mr. Martin.

The Court grants counsel's motion to withdraw.

IT IS SO ORDERED.

Dated: 8/10/09

CLAUDIA WILKEN
United States District Judge

4