IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>   v.<br><br>CHILDREN'S INTERNET INC., et al.,<br><br>        Defendants.<br>_____/ | No. C 06-06003 CW<br><br>ORDER GRANTING, IN PART, DEFENDANT POYNER'S REQUEST FOR EXTENSION OF TIME TO FILE FINANCIAL DOCUMENTATION |

    On June 3, 2009, Plaintiff Securities and Exchange Commission (SEC) filed a motion for an order of civil contempt against Defendant Cort L. Poyner for his failure to pay any portion of the $413,767 in disgorgement and $61,118 in prejudgment interest that was ordered by the Court in the November 3, 2008 Revised Final Judgment As to Defendant Cort L. Poyner.  On July 20, 2009, the Court issued an Order for Further Financial Documentation from Defendant on Plaintiff's Motion for Contempt (July 20, 2009 Order) which granted Poyner four weeks from the date of the Order in which to file specified financial documents.

    On August 17, 2009, Poyner filed a Supplemental Opposition to SEC's Motion for Contempt in which he requested six more weeks in which to file the specified documents.  SEC filed an opposition to Poyner's request for additional time and moved that the Court impose civil contempt sanctions.

    The Court grants Poyner one week from the date of this order

to file all the financial documents required in the July 20, 2009 Order that he already has, or could get in that period of time, including a sworn financial disclosure statement and copies of tax returns.  Plaintiff should also submit copies of letters he sends to the trustee of the Mazel Tuff trusts and to the Assistant United States Attorney and the court involved in the Florida forfeiture action requesting that, if the forfeiture proceedings result in any money returnable to Poyner or the trusts, it be held by the trustee or by the United States for the purpose of paying disgorgement in these proceedings.  Within three weeks from the date of this order, Poyner is to file the rest of the financial documents required in the July 20, 2009 Order.

The Court notes that, to be free of contempt, Poyner must show, not just that he was unable to pay the full disgorgement amount, but that he was and is unable to pay any part of that amount.  If he is able to pay any part of it, he would be well-advised to begin doing so immediately.

## CONCLUSION

For the foregoing reasons, Defendant Poyner's request for additional time to file financial documentation is granted, in part.

IT IS SO ORDERED.

Dated: 8/31/09

_____
CLAUDIA WILKEN
United States District Judge

2